# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPT. OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>TAPANAM ASSOCIATES, INC., and TAPAN BANERJEE,<br><br>Defendants. | Civil No. 4:16-cv-0312-DGK |

## ORDER GRANTING DEFAULT JUDGMENT

Now before the Court is Plaintiff's motion for default judgment (Doc. 14).

Plaintiff Thomas Perez, the United States Secretary of Labor, filed suit against Defendants on April 7, 2016, to obtain payment and lost earnings associated with unremitted and untimely remitted employee contributions to a SIMPLE IRA Plan (the "SIMPLE Plan").

The United States Marshals Service served Defendant Tapan AM Associates, Inc. ("TapanAM") on July 11, 2016, and an answer was due on August 1, 2016. The United States Marshals Service served Defendant Tapan Banerjee ("Banerjee") on August 26, 2016, and an answer was due September 16, 2016.

On October 13, 2016, Entry of Default was entered against each Defendant. To date, neither Defendant has filed any response, answer, or other pleading. Thus, all allegations against them are deemed admitted.

The Court finds that during pay periods in 2010, 2011, and 2012, Banerjee and TapanAM failed to forward $16,022.48[1] in employee elective deferrals for contribution into participant SIMPLE Plan accounts. Additional salary deferrals were forwarded untimely, causing lost earnings on those late remittances. Banerjee and TapanAM owe $2,049.09 in lost earnings for untimely and unpaid employee contributions to the SIMPLE Plan. The withholdings and lost earnings total $18,071.57.

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Court finds Defendants are *de facto* fiduciaries of an ERISA-covered pension plan. The Court finds Banerjee is not a minor or incompetent person, and that he is not in the military services. The Court finds that TapanAM is the employer and plan sponsor of the SIMPLE Plan, and it is also a corporation.

For good cause shown, it is hereby:

ORDERED, ADJUDGED, and DECREED that Defendants are *de facto* fiduciaries with respect to the SIMPLE Plan. During the relevant time period, Defendants failed to act to secure the transfer, or cause the transfer to the SIMPLE Plan employee payroll contributions, which were withheld from the wages of TapanAM employees as elective salary deferrals to the SIMPLE Plan, or failed to timely send remittances of contributions to the SIMPLE Plan accounts. Defendants failed to take action to determine the assets of the SIMPLE Plan, to assert control over the SIMPLE Plan's assets or to ensure that the SIMPLE Plan's assets would be protected from losses. By these actions, Defendants breached their fiduciary duties in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); ERISA § 404(a)(1)(B), 29 U.S.C, § 1104(a)(1)(B); ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D); ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1).

---

[1] This amount is $50 less than pled in the Complaint. The reduction is for the subsequent discovery of a $50 payment

It is FURTHER ORDERED that Defendants make payment to the SIMPLE Plan of $16,022.48 in employee elective deferrals and $2,049.09 in lost earnings directly to the SIMPLE Plan accounts, with instructions as to allocation to the participants' accounts within sixty (60) days of the date of this Judgment. Evidence of all payments shall be provided to Plaintiff's attorney within thirty (30) days after payment is complete. Defendants are also enjoined from violating the provisions of Title I of ERISA.

Nothing in this Judgment is binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.

This Court shall retain jurisdiction over this action and the parties as may be necessary to enforce the provisions of the Judgment. Each party shall bear his or its own attorneys' fees, costs and other expenses incurred by such party to date in connection with any stage of the above-referenced proceeding including, but not limited to, attorneys' fees, costs and other expenses which may be available under the Equal Access to Justice Act, as amended.

The Court directs the entry of this Judgment as a final Order.

**IT IS SO ORDERED.**

Dated: October 27, 2016 /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

that was properly forwarded to the SIMPLE Plan in 2010.